UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| TYRONE D. CAROLINA,<br>    Plaintiff,<br><br>        v.<br><br>INGRID FEDER, et al.,<br>    Defendants. | No. 3:20-cv-658 (SRU) |

## ORDER

On May 12, 2020, Tyrone Carolina filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against seven medical and custodial staff members at Corrigan-Radgowki Correctional Center ("Corrigan"): Dr. Ingrid Feder, Nurse "Malissa," Corrigan Warden Robert Martin, Lieutenant "Jusseaume," Officer Daily, Lieutenant Vallero, and a nurse's assistant "Stepheny." *See* Compl., Doc. No. 1, at 1. Carolina alleged that his constitutional rights were violated by an unwarranted 14-day forced quarantine (from April 22 to May 6, 2020) in a non-handicap accessible cell. *See* Order, Doc. No. 7, at 3, 5.

In an initial review order that I issued on January 26, 2021, I dismissed Carolina's third amended complaint based on (1) Carolina's failure to state a plausible Eighth Amendment claim against Nurse "Malissa" and Dr. Feder arising from their medical decisions, and (2) Carolina's failure to satisfy the exhaustion requirement under the Prison Litigation Reform Act (the "PLRA") on his remaining claims. *See* Initial Review Order ("IRO"), Doc. No. 28. However, I explained that if "he can allege facts to cure the deficiencies identified," Carolina could "file a motion to reopen the case and attach an amended complaint" by Thursday, February 25, 2021. *Id.* at 27. I instructed Carolina that he would need to "demonstrate that he satisfied his exhaustion requirements under the PLRA before initiating this action," and that, "[i]f he admits

that he did not satisfy the exhaustion requirement, Carolina must explain why he is excused from that requirement based on the unavailability of administrative remedies." *Id.*

On February 19, 2021, Carolina filed an "objection" to my initial review order. *See* Carolina's Obj., Doc. No. 29. In his "objection," Carolina asserts that has exhausted his administrative remedies and accuses "[t]he AAG assign[e]d to this case" of withholding evidence favorable to Carolina. *See id.* at 1–2. In support of his "objection," Carolina re-attaches the same documents that were attached to his third amended complaint. *Compare* Third Am. Compl., Doc. No. 26, at 6–43 *with* Carolina's Obj., Doc. No. 29, at 8–46. Carolina claims that my ruling was wrong. *See* Carolina's Obj., Doc. No. 29, at 2 (referring to "the court[']s mistake").

Insofar as Carolina's "objection" is really a motion for reconsideration of my initial review order, it is denied. A motion for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (cleaned up). Carolina does not point to controlling decisions or data that I overlooked. In fact, as described above, his "objection" merely attaches the same inmate request forms and grievances that I already considered in my initial review order. Carolina's only new claim—that an assistant attorney general is engaging in a cover-up in this case—is entirely unsupported. In fact, so far as I am aware, no assistant attorney general has ever been involved in this case; I dismissed Carolina's third amended

complaint on initial review.

However, I advise Carolina that he may file a new action based on the events at issue in this case, and that action will likely not be barred by the PLRA's exhaustion requirement. That is because Carolina is no longer a prisoner. *See* Notice, Doc. No. 27. The PLRA's exhaustion requirement does not apply to litigants "who file prison condition actions after release from confinement." *Greig v. Goord*, 169 F.3d 165, 167 (2d Cir. 1999). Depending on Carolina's financial situation, he may be able to commence that suit without paying a filing fee by proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1).

The Clerk is directed to mail Carolina (at the address listed on the docket) the non-prisoner *in forma pauperis* application form and the non-prisoner civil rights form.

SO ORDERED at Bridgeport, Connecticut this 24th day of February 2021.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge